# EXHIBIT A

Darren J. Campbell, Bar No. 223088
Chris M. Heikaus Weaver, Bar No. 231907
Matt C. Hanson, Bar No. 296421
Aitken Campbell Heikaus Weaver, LLP
2030 Main St., Suite 1300
Irvine, California 92614
Telephone: (949) 236-4626
Facsimile:  (949) 271-4046

Attorneys for Plaintiff
ROBIN CUNNINGHAM

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 2 1 2015

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

ROBIN CUNNINGHAM, an individual,

    Plaintiff,

v.

THE NPD GROUP, INC., a New York
Corporation; and DOES 1 through 150,
inclusive,

    Defendants.

Case No.  **BC 5 9 5 2 8 9**

COMPLAINT AND DEMAND FOR
JURY TRIAL

1. SEX-BASED DISCRIMINATION
   (GOVT CODE §§ 12940 ET SEQ);
2. AGE-BASED DISCRIMINATION
   (GOVT CODE §§ 12940 ET SEQ);
3. FAILURE TO PREVENT
   DISCRIMINATION (GOVT CODE§§
   12940 ET SEQ);
4. FAILURE TO PROVIDE EQUAL PAY
   ON THE BASIS OF SEX (LABOR
   CODE § 1197.5);
5. FAILURE TO PAY OVERTIME
   (LABOR CODE §§ 510, 1194, 1198);
6. FAILURE TO PROVIDE ITEMIZED
   WAGE STATEMENTS (CAL. LABOR
   CODE § 226);
7. FAILURE TO PROVIDE MEAL AND
   REST PERIODS (LABOR CODE §§
   226.7, 512);
8. WRONGFUL TERMINATION IN
   VIOLATION OF PUBLIC POLICY;
9. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS; and
10. UNFAIR COMPETITION (BUSINESS
    & PROFESSIONS CODE §§ 17200 ET
    SEQ).

**By Fax**

1

Exhibit A
1

**GENERAL ALLEGATIONS**

1.    At all times material to this Complaint, Plaintiff Robin Cunningham (hereinafter "Plaintiff"), was a resident of Los Angeles County, California.

2.    At all times material to this Complaint, Defendant The NPD Group, Inc. is a New York corporation doing business in Los Angeles County, California (hereinafter "NPD").

3.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 150, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Plaintiff's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

4.    Furthermore, each of the Defendants are sued as the principals, agents, partners, servants, employees, officers, directors, subsidiaries, corporate affiliates, alter egos, conspirators and co-conspirators, joint ventures of each of the remaining Defendants. Each of the Defendants were acting within the course, scope and authority of such relationship, and with the knowledge, consent, approval or ratification of the remaining Defendants.

5.    Does 1 through 150 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474. Plaintiff is informed and believes and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of her or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

6.    In October 2011, NPD hired Plaintiff as an inside sales associate. Ms. Cunningham worked in a sales department with three other employees, all of whom are male. Throughout her employment with NPD, Plaintiff diligently performed the same or similar duties as her male counterparts, but was not provided equal compensation.

7.    Since her employment began, Plaintiff has tirelessly worked for NPD in excess of 55 hours per week and often between 55 and 60 hours per week.

8.    Plaintiff was not an exempt employee under any of California's wage order. Plaintiff did not spend

**Exhibit A
2**

1  over 50% of her time performing exempt duties for NPD. Plaintiff did not spend 50% of her time

2  supervising any employees of NPD.

3  9.     Plaintiff was not "licensed or certified by the State of California" or performing work in a "learned

4  or artistic profession." Plaintiff did not perform work directly related to management policies or general

5  business operations of NPD or NPD's customers. Plaintiff was not permitted to "exercise independent

6  judgment and discretion" in her job duties.

7  10.    Plaintiff did not "customarily and regularly works more than half the working time away from the

8  employer's place of business selling tangible or intangible items or obtaining orders or contracts for

9  products, services or use of facilities." Instead, Plaintiff worked almost exclusively out of her home, which

10 effectively became NPD's offices in Los Angeles County, California.

11 11.    Finally, commissions did not make up more than half of Plaintiff's overall compensation.

12 12.    On October 26, 2014, Ms. Cunningham received a phone call from NPD's Human Resources

13 Department informing her that she would be terminated on October 31, 2014. At the time of her

14 termination, Ms. Cunningham was 58 years old. Throughout her employment with NPD, Ms. Cunningham

15 was an excellent employee with positive performance reviews. Moreover, none of the males in her

16 department were terminated and Ms. Cunningham is informed and believes that her job duties were taken

17 over by these male employees and others who were substantially younger than her.

18 13.    Ms. Cunningham is informed and believes that NPD terminated her employment due to her sex,

19 female, and her age.

20            **EXHAUSTION OF ADMINISTRATIVE REMEDIES AND GOVERNMENT TORT CLAIM**

21                                          **REQUIREMENTS.**

22 14.    On or about January 6, 2015, Plaintiff had a complaint filed against NPD with California's

23 Department of Fair Employment and Housing ("DFEH") alleging multiple violations of California's Fair

24 Employment and Housing Act ("FEHA"). Plaintiff immediately received a Right To Sue letter from the

25 DFEH, which is attached hereto as Exhibit A.

26 15.    On or about September 18, 2015, Plaintiff had a complaint filed against NPD with California's

27 DFEH alleging a violation of California's Equal Pay Act. Plaintiff immediately received a Right To Sue

28 letter from the DFEH, which is attached hereto as Exhibit B.

1

## FIRST CAUSE OF ACTION

2

### SEX-BASED DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ)

3

(Against Defendant NPD and DOES 1-150)

4    16.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

5    fully set forth herein.

6    17.    At all times herein mentioned, the FEHA, embodied in Government Code section 12940, was in full

7    force and effect. This Acts prohibit discrimination and retaliation based on sex, as well as on other grounds.

8    18.    Plaintiff believes, and thereon alleges, that NPD is a qualified employer subject to the requirements

9    of the FEHA.

10    19.    Plaintiff further believes and alleges that NPD discriminated against her on the basis of her sex. The

11    discrimination included unequal treatment and unequal application of Defendant's policies, which

12    disadvantaged Plaintiff yet benefitted employees of a different sex from Plaintiff.

13    20.    As stated above, NPD treated its male employees more favorably than Plaintiff, a female, paid her

14    less than her male comparators based on her sex, and discriminated against her by terminating her

15    employment while not terminating her male counterparts.

16    21.    Plaintiff believes and thereon alleges that any claims of performance issues as NPD's basis for its

17    actions taken against her are pretextual and meant to disguise the discriminatory reasons for her treatment.

18    22.    As a direct and proximate cause of the NPD's conduct, Plaintiff has suffered and continues to suffer

19    general, compensatory, and special damages, including lost wages and benefits, future loss of wages and

20    benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

21    23.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

22    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA

23    claims against NPD and the other defendants. Plaintiff is presently unaware of the precise amount of these

24    expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

25    24.    The conduct by NPD of discriminating against Plaintiff and treating male employees more

26    favorably than Plaintiff based on sex was willful and malicious and in conscious disregard of Plaintiff's

27    rights with the intent to vex, injure and annoy her, such as to constitute oppression, fraud and/or malice

28    under California Civil Code § 3294. NPD's conduct, as described above, was carried out by its officers,

**Exhibit A
4**

1  directors and or/managing agents, or by lower level employees, whose conduct was knowingly authorized

2  and ratified by the officers, directors and/or managing agents of the Company. Accordingly, Plaintiff is

3  entitled to punitive damages in an amount appropriate to punish and make an example of Defendants.

4  ### SECOND CAUSE OF ACTION

5  ### AGE-BASED DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ)

6  (Against Defendant NPD and DOES 1-150)

7  25.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

8  fully set forth herein.

9  26.     At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full

10  force and effect. This act prohibits discrimination and retaliation based on age, as well as on other grounds.

11  27.     At the time of her termination, Plaintiff was 58 years old. Plaintiff believes and thereon alleges that

12  Defendants, and each of them, have replaced her with a substantially younger employee and/or have shifted

13  some of the job duties that she was performing to employees who are substantially younger than Plaintiff.

14  Plaintiff further believes and thereon alleges that Defendants, and each of them, treated substantially

15  younger employees more favorably than Defendants treated Plaintiff, including by not terminating the

16  younger employees.

17  28.     Plaintiff believes and thereon alleges that Defendants are qualified employers subject to the

18  requirements of FEHA.

19  29.     Plaintiff believes and thereon alleges that any claims of performance issues as Defendants' basis for

20  the termination of Plaintiff are pretextual and meant to disguise the discriminatory reasons for her treatment.

21  30.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer

22  general, compensatory, and special damages, including lost wages and benefits, future loss of wages and

23  benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

24  31.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

25  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA

26  claims against Defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees,

27  but seeks an award of attorneys' fees and costs according to proof at trial.

28  32.     The conduct by Defendants, and each of them, of terminating her due to her age, replacing her with

1   substantially younger employees, treating substantially younger employees more favorably than Plaintiff,

2   and providing her with a false reason for her termination to cover up the discriminatory animus was willful

3   and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy her,

4   such as to constitute oppression, fraud and/or malice under California Civil Code § 3294. Defendants'

5   conduct, as described above, was carried out by each of its officers, directors and or/managing agents, or by

6   lower level employees, whose conduct was knowingly authorized and ratified by the officers, directors

7   and/or managing agents of the Company. Accordingly, Plaintiff is entitled to punitive damages in an

8   amount appropriate to punish and make an example of Defendants.

9                              **THIRD CAUSE OF ACTION**

10          **FAILURE TO PREVENT DISCRIMINATION (GOVT CODE§§ 12940 ET SEQ)**

11                           (Against Defendant NPD and DOES 1-150)

12   33.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

13   fully set forth herein.

14   34.    At all times herein mentioned, the FEHA, embodied in Government Code section 12940, was in full

15   force and effect. This Act requires that employers prevent discrimination in the workplace.

16   35.    Plaintiff believes, and thereon alleges, that NPD is a qualified employer subject to the requirements

17   of the FEHA.

18   36.    NPD permitted and engaged in discrimination against Plaintiff. NPD has actively engaged in

19   discrimination against Plaintiff, including, among other things, paying its male comparators more than

20   Plaintiff, a female, and treating male employees more favorably than Plaintiff throughout her employment.

21   37.    NPD failed to take any reasonable steps to prevent discrimination and retaliation against Plaintiff,

22   which resulted in NPD's continued discrimination and unfavorable treatment of Plaintiff compared to her

23   male comparators.

24   38.    As a result of NPD's failure to prevent discrimination, Plaintiff was discriminated against based on

25   her sex and her age. Plaintiff has suffered from stress and anxiety which has negatively impacted her

26   physical and emotional condition due to NPD's failure to prevent discrimination.

27   39.    Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as NPD's

28   basis for any disciplinary actions against Plaintiff are pretextual and meant to disguise the discriminatory

1 reasons for her treatment.

2 40.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer
3 general, compensatory, and special damages, including lost wages and benefits, future loss of wages and
4 benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

5 41.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.
6 Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA
7 claims against NPD and the other defendants. Plaintiff is presently unaware of the precise amount of these
8 expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

9 42.     Based on Defendants', and each of their, course of conduct, which was willful, malicious, knowing,
10 intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive
11 and exemplary damages in an amount according to proof at trial to punish NPD, and each of them, and
12 deter similar conduct in the future.

13                              **FOURTH CAUSE OF ACTION**

14        **FAILURE TO PROVIDE EQUAL PAY ON THE BASIS OF SEX (LABOR CODE § 1197.5)**

15                           (Against Defendant NPD and DOES 1-150)

16 43.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if
17 fully set forth herein.

18 44.     On information and belief, Plaintiff alleges that she has been discriminated against in her pay based
19 on her sex. Plaintiff alleges on information and belief that her male counterparts have received higher
20 compensation for doing the same or comparable work.

21 45.     As a direct and proximate cause of the NPD's failure to provide equal pay to her on the basis of her
22 sex, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including
23 lost wages and benefits, future loss of wages and benefits, and emotional distress and physical illness in an
24 amount unknown, but according to proof at trial.

25 46.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.
26 Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her claims
27 against Defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees, but
28 seeks an award of attorneys' fees and costs according to proof at trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES/MISCLASSIFICATION (CAL. LABOR CODE §§ 510, 1194, 1198)**

(Against Defendant NPD and DOES 1-150)

47.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

48.    California Labor Code sections 510, 1198, and 8 Cal. Code Regs. Section 11070, as amended, provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.

49.    California Labor Code section 1194 provides that an employee who has not been paid overtime compensation as required by Labor Code sections 510 and 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, and interest thereon, in a civil action.

50.    At all relevant times mentioned herein, and within the past four years, Plaintiff worked more than eight hours in a workday and/or more than 40 hours in a workweek.

51.    At all relevant times herein mentioned, Plaintiff was paid on a salary basis, but she was not an exempt employee under any of the California Wage Orders.

52.    At all relevant times herein mentioned, NPD, and each of the Defendants, knowingly failed to pay Plaintiff overtime compensation for the hours she worked beyond eight hours in a workday and/or 40 hours in a workweek, as required by the California Labor Code.

53.    By virtue of NPD's, and each of the Defendants', knowing willful, and unlawful failure to pay additional compensation to Plaintiff for her time worked beyond eight hours in a workday and/or 40 hours in a workweek, Plaintiff has suffered, and will continue to suffer, damages in amounts which will be ascertained according to proof at trial.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (CAL. LABOR CODE § 226)**

(Against Defendant NPD and DOES 1-150)

54.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**Exhibit A**

**8**

1    55.    California Labor Code section 226 requires that an employer shall provide its employees with

2    accurate, itemized wage statements including the wages earned and the hours worked.

3    56.    By failing to pay additional compensation to Plaintiff for the time she worked beyond eight hours in

4    a workday and/or 40 hours in a workweek, Defendants, and each of them, have violated the requirement

5    that the total hours worked and all wages earned be included in the wage statement that must be provided to

6    Plaintiff.

7    57.    By virtue of Defendants', and each of their, knowing willful, and unlawful failure to provide

8    Plaintiff with accurate, itemized wage statements, Plaintiff has suffered, and will continue to suffer,

9    damages in amounts which will be ascertained according to proof at trial.

10                              **SEVENTH CAUSE OF ACTION**

11    **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§ 226.7, 512)**

12                          (Against Defendant NPD and DOES 1-150)

13    58.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

14    fully set forth herein.

15    59.    California Labor Code section 512 and 8 Cal. Code Regs. Section 11070, Subdiv. 11(A)-(B) require

16    that an employer provide its employees with a 30-minute uninterrupted meal break for every five-hour

17    increment of time worked.

18    60.    California Labor Code section 226.7 further provides that for every meal break it fails to provide,

19    the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

20    61.    During her employment, Defendants failed to provide Plaintiff with a 30-minute uninterrupted meal

21    break for every five-hour increment of time worked as required by California law. During her employment,

22    Defendants failed to provide Plaintiff with a 10-minute rest break for every four-hour increment of time

23    worked as required by California law.

24    62.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally misclassified

25    Plaintiff as an exempt employee and that Defendants do not have any policy in effect relating to permitting

26    misclassified employees to take meal breaks as required by the California Labor Code and the

27    implementing regulations.

28    63.    Subdivision 12(A) of 8 Cal. Code Regs. Section 11070 requires that an employer provide its

**Exhibit A**
**9**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    employees with a 10-minute rest break for every four-hour increment of time worked.

2    64.    California Labor Code section 226.7 and 8 Cal. Code Regs. Section 11070, Subdiv. 12(B) further

3    provide that for every workday in which it fails to provide a rest period during any four-hour increment, the

4    employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

5    Plaintiff is informed and believes and thereon alleges that Defendants intentionally misclassified Plaintiff as

6    an exempt employee and that Defendants do not have any policy in effect relating to permitting

7    misclassified employees to take rest breaks as required by the California Labor Code and the implementing

8    regulations.

9    65.    By virtue of Defendants', and each of their, knowing willful, and unlawful failure to provide

10   Plaintiff with required 30-minute uninterrupted meal period(s) and two 10-minute rest periods, Plaintiff has

11   suffered, and will continue to suffer, damages in amounts which will be ascertained according to proof at

12   trial.

13                                 **EIGHTH CAUSE OF ACTION**

14              **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

15                         (Against Defendant NPD and DOES 1-150)

16   66.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

17   fully set forth herein.

18   67.    At all times herein mentioned, the California's FEHA, embodied in Government Code § 12940 was

19   in full force and effect. FEHA prohibits discrimination and retaliation based on age and sex, as well as on

20   other grounds.

21   68.    Plaintiff believes and thereon alleges that Defendants are qualified employers subject to the

22   requirements of FEHA.

23   69.    On or about October 31, 2014, Defendants, and each of them, violated public policy by acting

24   arbitrarily and capriciously and terminating Plaintiff in violation of Plaintiff's rights under FEHA.

25   70.    The actual reason for Plaintiff's termination was based upon, among other things, the fact that

26   Plaintiff was being discriminated against based on her age and/or her sex. All of this being a violation of

27   public policy as manifested by California's FEHA (California Government Code Sections 12940 *et seq.*).

28   71.    Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as

Exhibit A
**10**

1  Defendants' basis for any disciplinary action against Plaintiff are pretextual and meant to disguise the

2  discriminatory reasons for her termination.

3  72.    As a direct and proximate result of Defendants', and each of their wrongful acts, and in spite of

4  Plaintiff's efforts to remain in the employ of Defendants, Plaintiff was terminated on or about October 31,

5  2014.

6  73.    As a direct and proximate result of Defendants, and each of their wrongful acts, Plaintiff has been

7  damaged in the loss of her employment benefits and the reasonable expectation of her continued

8  employment.

9  74.    As a further direct and proximate result of Defendants', and each of their wrongful acts, including

10  the resulting and wrongful termination as aforesaid, Plaintiff has sustained and continues to sustain severe

11  and serious injury, all to the Plaintiff's damage in a sum within the jurisdiction of this Court and to be

12  shown according to proof at the time of trial.

13  75.    As a further direct and proximate result of Defendants, and each of their wrongful acts, Plaintiff has

14  been subjected to embarrassment and humiliation and has suffered and will continue to suffer, mental and

15  emotional distress and discomfort all to her detriment and damage.

16  76.    The conduct by Defendants, and each of them, in terminating Plaintiff because of her age and/or sex

17  and providing her with a false reason for her termination to cover-up the true discriminatory and retaliatory

18  motives was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex,

19  injure and annoy her, such as to constitute oppression, fraud and/or malice under California Civil Code §

20  3294. Defendants' conduct, as described above, was carried out by each of its officers, directors and

21  or/managing agents, or by lower level employees, whose conduct was knowingly authorized and ratified by

22  the officers, directors and/or managing agents of Defendants. Accordingly, Plaintiff is entitled to punitive

23  damages in an amount appropriate to punish and make an example of Defendants.

24  ### NINTH CAUSE OF ACTION

25  ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26  (Against Defendant NPD and DOES 1-150)

27  77.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

28  fully set forth herein.

**Exhibit A**
**11**

1    78.    In perpetuating the discrimination and retaliation against Plaintiff and other offensive conduct

2    described herein, NPD, and each of the Defendants, abused the special positions they held in relation to

3    Plaintiff. NPD, and each of them, acted with the knowledge that they could manipulate and damage

4    Plaintiff's interest and well-being.

5    79.    Plaintiff was able to and did perform the essential functions of her position. Plaintiff believes and

6    thereon alleges that NPD, and each of them, intended to and did cause Plaintiff to suffer from emotional

7    distress because she was discriminated against.

8    80.    As a result of these acts, Plaintiff suffered from stress and anxiety which negatively impacted her

9    physical and emotional condition.

10   81.    Through NPD's, and each of their outrageous and unprivileged conduct as described herein and

11   above, NPD, and each of them, acted with the intent to cause, or with a reckless disregard for the

12   probability of causing, Plaintiff to suffer humiliation, isolation, mental anguish, loss of job opportunities

13   and reputation, and severe physical and emotional distress.

14   82.    To the extent that said certain agent(s) of NPD perpetrated retaliatory conduct, the Defendants

15   authorized and ratified the conduct with the knowledge that Plaintiff's emotional and physical distress

16   would thereby increase, and with a wanton and reckless disregard of the deleterious consequences to

17   Plaintiff.

18   83.    As a direct and proximate result of NPD, and each of their acts, Plaintiff suffered and continues to

19   suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages

20   and benefits, loss of career opportunities, prejudgment interest, consequential and incidental damages, plus

21   tort damages including humiliation, isolation, emotional distress and physical injuries in an amount

22   unknown, but according to proof at trial.

23   84.    Based on NPD's, and each of their, course of conduct, which was willful, malicious, knowing,

24   intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive

25   and exemplary damages in an amount according to proof at trial to punish NPD, and each of them, and

26   deter similar conduct in the future.

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**Exhibit A**
**12**

1    **TENTH CAUSE OF ACTION**

2    **UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ)**

3    (Against Defendant NPD and DOES 1-150)

4    85.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

5    fully set forth herein.

6    86.    Plaintiff is informed and believes and based thereon alleges that NPD, and each of the Defendants,

7    engaged in unlawful, unfair, and fraudulent business practices as described herein, including but not limited

8    to, engaging in acts of discrimination, retaliation, and failing to pay all wages, including overtime wages

9    and failing to provide Plaintiff with accurate, itemized wage statements.

10    87.    As a direct and proximate result of NPD's, and each of the Defendants', unfair, and fraudulent

11    business practices, Plaintiff has lost money or property as described herein.  Accordingly, Plaintiff seeks to

12    enjoin NPD, and each of the Defendants, from further unlawful, unfair, and fraudulent business practices.

13    **WHEREFORE, Plaintiff prays for judgment as follows:**

14        1.    General and compensatory damages including all lost wages, in a sum according to proof at

15            time of trial;

16        2.    Consequential and incidental damages in a sum according to proof at time of trial;

17        3.    Damages for mental and emotional distress in a sum according to proof at time of trial;

18        4.    General and special damages in a sum according to proof at time of trial;

19        5.    Penalties in a sum according to proof at time of trial;

20        6.    Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at

21            time of trial;

22        7.    For costs of suit herein incurred;

23        8.    Injunctive relief;

24        9.    Pre-judgment interest at the legal prevailing rate;

25        10. Punitive and exemplary damages in a sum according to proof at time of trial;

26        11. Statutory penalties; and

27    ///

28    ///

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit A
13

1   12. For such other and further relief as the Court deems just and proper.

2   Dated: September 21, 2015          AITKEN CAMPBELL HEIKAUS WEAVER, LLP

3

4                          By    _____

5                                Darren J. Campbell
                                 Matt C. Hanson
6                                Attorney for Plaintiff
                                 ROBIN CUNNINGHAM
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                          **Exhibit A**
                                                              **14**

                                  14

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3   Dated:  September 21, 2015         **AITKEN CAMPBELL HEIKAUS WEAVER, LLP**

4                     By

5                        Darren J. Campbell

6                        Matt C. Hanson
                       Attorney for Plaintiff

7                        ROBIN CUNNINGHAM

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**
**15**

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Jan 06, 2015

Matt Hanson
Aitken Campbell Heikaus Weaver, LLP
Irvine California 92614

RE:  Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 434356-139794-R
Right to Sue: Cunningham / The NPD Group, Inc.

Dear Complaint or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**Exhibit A**
**17**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Jan 06, 2015

RE: Notice of Filing of Discrimination Complaint
DFEH Matter Number: 434356-139794-R
Right to Sue: Cunningham / The NPD Group, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

**Exhibit A**
**18**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    ACTING DIRECTOR ANNMARIE BILLOTTI

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

## AMENDED

Jan 06, 2015

Robin Cunningham
C/o Aitken Campbell Heikaus Weaver, LLP
Irvine California 92614

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 434356-139794-R
Right to Sue: Cunningham / The NPD Group, Inc.

Dear Robin Cunningham,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jan 06, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**Exhibit A**
**19**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

ACTING DIRECTOR ANNMARIE BILLOTTI

## AMENDED

Enclosures

cc:

1  **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2  **BEFORE THE STATE OF CALIFORNIA**

3  **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4  **Under the California Fair Employment and Housing Act**
   **(Gov. Code, § 12900 et seq.)**

5

6  In the Matter of the Complaint of         DFEH No. 434356-139794-R

7  Robin Cunningham, Complainant.

8  vs.

9  The NPD Group, Inc. Respondent.

10 900 West Shore Road

   Port Washington, New York 11050

11

12

13 Complainant alleges:

14 1. Respondent The NPD Group, Inc. is a Private Employer subject to suit under the California Fair
   Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is

15 subject to the FEHA.

16 2. On or around Oct 31, 2014, complainant alleges that respondent took the following adverse actions against
   complainant: Discrimination Denied a work environment free of discrimination and/or retaliation,

17 Terminated, . Complainant believes respondent committed these actions because of their: Age - 40 and over,
   Sex- Gender .

18

19 3. Complainant Robin Cunningham resides in the City of Irvine, State of California. If complaint includes
   co-respondents please see below.

20

21

22

DFEH 902-1

-5-

*Complaint – DFEH No. 434356-139794-R*

Date Filed: Jan 06, 2015

Date Amended: Jan 06, 2015

1

2   **Additional Complaint Details:**

3

Ms. Cunningham was hired by Display Search LLC in October of 2011, which is owned
4   by The NPD Group, Inc.("NPD"). Ms. Cunningham worked in a sales department with
three other employees, all of whom are male. On October 26, 2014, Ms. Cunningham
5   received a phone call from NPDs Human Resources Department informing her that she
would be terminated on October 31, 2014. At the time of her termination, Ms.
6   Cunningham was 58 years old. Throughout her employment with NPD, Ms.
7   Cunningham was an excellent employee with positive performance reviews. Moreover,
none of the males in her department were terminated and Ms. Cunningham is informed
8   and believes that her job duties were taken over by these male employees and others
who were substantially younger than her. Ms. Cunningham is informed and believes
9   that NPD terminated her employment due to her sex, female, and her age. As a result,
Ms. Cunningham has suffered a loss in wages, emotional distress, and due to NPDs
10  malicious acts, punitive damages. Ms. Cunningham will also be entitled to attorneys
11  fees and interest for her claims.

12

13

14

15

16

17

18

19

20

21

22

*Complaint -- DFEH No. 434356-139794-R*

DFEH 902-1

Date Filed: Jan 06, 2015

Date Amended: Jan 06, 2015

**Exhibit A**
**22**

VERIFICATION

1

2 I, Matt C. Hanson, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those
3 matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4 On Jan 06, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5
6                                                               Anaheim, CA
7                                                         Matt C. Hanson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-
*Complaint – DFEH No. 434356-139794-R*

Date Filed: Jan 06, 2015

Date Amended: Jan 06, 2015

**Exhibit A**
**23**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 18, 2015

Robin Cunningham
Aitken Campbell Heikaus Weaver, LLP
Irvine California 92614

RE:  Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 660344-183256
Right to Sue: Cunningham / The NPD Group, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**Exhibit A**
**25**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 18, 2015

RE:  Notice of Filing of Discrimination Complaint
DFEH Matter Number: 660344-183256
Right to Sue: Cunningham / The NPD Group, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

**Exhibit A
26**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 18, 2015

Robin Cunningham
Aitken Campbell Heikaus Weaver, LLP
Irvine California 92614

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 660344-183256
Right to Sue: Cunningham / The NPD Group, Inc.

Dear Robin Cunningham,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 18, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**Exhibit A**
**27**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

**Exhibit A**
**28**

1    **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2    **BEFORE THE STATE OF CALIFORNIA**

3    **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4    **Under the California Fair Employment and Housing Act**
     **(Gov. Code, § 12900 et seq.)**

5

6    In the Matter of the Complaint of              DFEH No. 660344-183256

7    Robin Cunningham, Complainant.
     Aitken Campbell Heikaus Weaver, LLP

8    Irvine California 92614

9    vs.

10
     The NPD Group, Inc., Respondent.
11   900 West Shore Road
     Port Washington, New York 11050
12

13

14   Complainant alleges:

15   1. Respondent The NPD Group, Inc. is a subject to suit under the California Fair Employment and Housing
     Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

16
     2. On or around October 31, 2014, complainant alleges that respondent took the following adverse actions
17   against complainant: Discrimination Denied equal pay, . Complainant believes respondent committed these
     actions because of their: Sex- Gender .
18
     3. Complainant Robin Cunningham resides in the City of Irvine, State of California. If complaint includes
19   co-respondents please see below.

20

21

22

DFEH 902-1                                         -5-
                                   *Complaint – DFEH No. 660344-183256*
             Date Filed: September 18, 2015

**Exhibit A**
**29**

1

2    **Additional Complaint Details:**

3

4    This DFEH Complaint is being filed in addition to Ms. Cunninghams previously filed
     Complaint with Californias Department of Fair Employment and Housing against The

5    NPD Group, Inc, DFEH No. 434356139794R.  Ms. Cunningham is informed and
     believes that her employer, The NPD Group, Inc.("NPD"), denied her equal pay under

6    the law based on her sex and paid her less than her male comparators in the same or
     similar position.  As a result of NPDs discriminatory acts, Ms. Cunningham suffered a

7    loss in wages.

8

9

10

11

12

13

14

15

16

17

18                                                                                          )

19

20

21

22

                                    *Complaint – DFEH No. 660344-183256*
                Date Filed: September 18, 2015


                                                                            **Exhibit A**
                                                                                 **30**

## VERIFICATION

1

2  I, Matt C. Hanson, am the Attorney for Complainant in the above-entitled complaint.    I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those

3  matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4  On September 18, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6                                                                      Anaheim, California
                                                                        Matt C. Hanson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-
*Complaint -- DFEH No. 660344-183256*

Date Filed: September 18, 2015

**Exhibit A**
**31**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

**BC 5 95 289**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | ✗ |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | |

#### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

2 7 2015                                                  By _____, Deputy Clerk

**Exhibit A**
**32**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 09/16)
LASC Approved 05-06

— NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

Page 2 of 2

Exhibit A
33

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

**Exhibit A
34**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):         FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**Exhibit A
35**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3
Exhibit A
36

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

**Exhibit A
37**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Exhibit A
38

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE) (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____          ►  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11       **STIPULATION – EARLY ORGANIZATIONAL MEETING**       Page 2 of 2

Exhibit A
39

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:** **FAX NO. (Optional):** E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**Exhibit A**
**40**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

<u>THE NPD GROUP, INC., a New York Corporation; and DOES 1
through 150, inclusive,</u>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBIN CUNNINGHAM, an individual,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 2 1 2015

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden  Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
111 North Hill Street, Los Angeles, California 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

BC 5 9 5 2 8 9

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Darren J. Campbell, Chris M. Heikaus Weaver, Matt C. Hanson; Aitken Campbell Heikaus Weaver, LLP
2030 Main Street, Suite 1300, Irvine, California 92614; (949) 236-4626

DATE:                                      Clerk, by                                   , Deputy
*(Fecha)*       SEP 2 1 2015                *(Secretario)*      UNAVOIDIBLE            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The NPD Group, Inc., a New York Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A**
**43**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>Matt C. Hanson (SBN 296421)<br>Aitken Campbell Helkaus Weaver, LLP<br>2030 Main Street, Suite 1300<br>Irvine, California 92614<br>TELEPHONE NO.: (949) 236-4626   FAX NO.: (949) 271-4046<br>ATTORNEY FOR *(Name)*: ROBIN CUNNINGHAM | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 2 1 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Shaunya Bolden, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
CUNNINGHAM v. THE NPD GROUP, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 5 9 5 2 8 9 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount     (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>Enforcement of Judgment |
| Non-PI/PD/WD (Other) Tort<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>Unlawful Detainer<br>[ ] Commercial (31) | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint |
| [ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| Employment<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**By Fax**

Date: September 21, 2015

Matt C. Hanson
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit A**
**44**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**
Page 2 of 2

**Exhibit A**
**45**

| SHORT TITLE: CUNNINGHAM v. THE NPD GROUP, INC. | CASE NUMBER |
|---|---|

**CIVIL CASE COVER SHEET ADDENDUM AND
STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

BC 5 95 2 8 9

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _7_ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration. **By Fax**

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit A
46**

| SHORT TITLE: CUNNINGHAM v. THE NPD GROUP, INC. | CASE NUMBER |
|---|---|

| | A | B | C Applicable Reasons |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit A
47**

| SHORT TITLE: CUNNINGHAM v. THE NPD GROUP, INC. | CASE NUMBER | |
|---|---|---|

| | A | B | C Applicable Reasons |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ – Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ – Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A
48

| SHORT TITLE: CUNNINGHAM v. THE NPD GROUP, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>7716 Stewart Avenue<br>Los Angeles, California 90045 | |
|---|---|---|
| CITY: Los Angeles | STATE: California | ZIP CODE: 90045 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: September 21, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**